■ In the Matter of the Claim of MARK C. FOLLETT, Appellant. COMMISSIONER OF LABOR, Respondent. [930 NYS2d 87]—

Substantial evidence supports the determination of the Unemployment Insurance Appeal Board that claimant voluntarily left his employment without good cause. Claimant was employed by a social media site for approximately one year, first as a sales planner and later as an account manager. In January 2009, claimant received a negative performance review, with which he did not agree. The review included a plan designed to immediately address his performance deficits and indicated that his failure to achieve the stated goals could result in future termination. Claimant was reluctant to sign the plan and questioned his manager concerning the impact of immediate resignation as compared to future termination. When informed that resignation would lead to a positive reference and that he

would be deemed "rehireable"—while potential termination of his employment would have the opposite effect—claimant chose to resign immediately. Notably, there was no discussion about whether refusing to sign the review and plan would have any impact on his continued employment. Because neither criticism from a supervisor regarding job performance nor quitting in anticipation of discharge constitutes good cause for leaving employment (*see Matter of Hull [Commissioner of Labor]*, 77 AD3d 1012, 1013 [2010]; *Matter of Seiglar [Commissioner of Labor]*, 51 AD3d 1118 [2008]; *Matter of Santiago [Commissioner of Labor]*, 308 AD2d 674 [2003]) and continuing work was available to claimant, we find no reason to disturb the Board's decision.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.